## Logan v. Hull.

*Statement of claim — One material allegation — Conciseness—Exhibits— Practice Act of May 14, 1915.*

1. Where a paragraph in a statement of claim avers the making of a written contract between plaintiff and defendant, describing it by giving its date and an outline of its subject-matters and scope, and referring to an exhibit for its text, such paragraph cannot fairly and reasonably be said to contain more than one material allegation within the intendment of the Practice Act of May 14, 1915, P. L. 483; everything which it avers is part of the description of the one contract which the parties are alleged to have made.

2. When a paragraph in a statement of claim contains averments of two distinct facts, not being parts of, and not together amounting to and collectively making up, one fact concerning which there may be a single issue, but being so separate and disconnected that the averments may give rise to distinct issues, and the defendant may be compelled to deal with them separately in his affidavit and may wish to admit one and deny the other, the intended requirement of the Practice Act of 1915, that each paragraph shall contain but one material allegation, is not met; the intention was that each paragraph shall be so drawn that, ordinarily, it can be answered by a single categorical admission or denial.

3. Where the particulars of a claim are set out twice, once in an exhibit, which is by reference made part of a paragraph, and once in the body of that paragraph, such paragraph offends against the rules relating to conciseness, and the statement of claim is not "as brief as the nature of the case will admit."

Motion to strike off statement of claim. C. P. Washington Co., Nov. T., 1923, No. 167.

*Harry F. Moore,* for plaintiff.

*McIlvaine, Williams & McCreight,* for defendant.

BROWNSON, P. J., Jan. 28, 1924.—The second paragraph of the statement of claim avers the making of a written contract between plaintiff and defendant, describing it by giving its date and an outline of its subject-matters and scope, and referring to "Exhibit A" for its text. We do not think that this second paragraph can fairly and reasonably be said to contain more than one material allegation within the intendment of the Practice Act of 1915. Everything which it avers is a part of the description of the one contract which the parties are alleged to have made.

We think, however, that the third, sixth, eighth and ninth paragraphs are open to the objection that each of them offends against the statutory rule requiring that a paragraph shall contain but one material allegation. The intention was that each paragraph shall be so drawn that ordinarily it can

4 D. & C.

be answered by a single categorical admission or denial.  When a paragraph contains averments of two distinct facts, not being parts of, and not together amounting to and collectively making up, one fact concerning which there may be a single issue, but being so separate and disconnected that the averments may give rise to distinct issues, and the defendant may be compelled to deal with them separately in his affidavit, and may wish to admit one and deny the other, the intended requirements of the statute are not met.

The sixth paragraph, in addition to combining therein two distinct transactions (the sale of milk and cream to the plaintiff and the doing for her of work with a team), would seem to be open also to the second objection made thereto under the rule relating to conciseness, for the reason that the particulars of these two claims are set out twice, once in "Exhibit C," which is by reference made a part of that paragraph, and once in the body of the paragraph, so that the statement of claim is not "as brief as the nature of the case will admit."

And now, Jan. 28, 1924, after argument and due consideration, the rule to strike off the statement of claim is made absolute, and the same is stricken from the record, with leave to the plaintiff to file a new statement of claim within twenty days from this date.

From E. E. Crumrine, Washington, Pa.